UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSHUA M. TUCKER, *et al.*, | ) CASE NO.: 1:25-cv-01438 |
| Plaintiffs, | ) JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) |
| JUDGE CAROLYN J. PASCHKE, *et al.*, | ) **OPINION AND ORDER** |
| Defendants. | ) |

On July 9, 2025, *pro se* Plaintiffs Joshua Tucker, Timothy Tucker, and Sherlyn Jacobs (collectively "Plaintiffs") filed an incomplete form complaint for civil cases. (Doc. 1.) Plaintiffs did not complete the sections requiring a statement of the legal claims presented, a summary of relevant facts, or the relief sought. (Doc. 1 at 3-4.)[1] That same day, Plaintiffs filed an Emergency Motion for Temporary Restraining Order to Halt Sentencing (Doc. 3), a Motion to Stay the Sentencing (Doc. 4), and a Verified Motion for Emergency Injunctive Relief and Damages under 42 U.S.C. § 1983 and the Americans with Disabilities Act (Doc. 5).

I.  **BACKGROUND**

On May 8, 2025, Joshua Tucker pleaded guilty to one count of pandering sexually oriented matter involving a minor in *State of Ohio v. Tucker*, Case No. 24C000091 (Geauga Cnty. Ct. C.P.) ("state case"). 5/8/2025 Order, *State of Ohio v. Tucker*, Case No. 24C000091 (Geauga Cnty. Ct. C.P.). His sentencing was set for July 9, 2025. 5/8/2025 Scheduling Notice, *State of Ohio v. Tucker*, Case No. 24C000091 (Geauga Cnty. Ct. C.P.)

On July 9, 2025, Plaintiffs filed this action to stay Joshua Tucker's sentencing in the state

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

case by filing the above-referenced documents in this case.

Plaintiffs allege Joshua Tucker is a 27-year-old man with ADHD, PTSD, and other learning disabilities. (Doc. 5 at 46.) Timothy Tucker is Joshua Tucker's father and caregiver. (*Id.* at 47.) Sherlyn Jacobs is Joshua Tucker's aunt "and legal advocate." (*Id.*) At that time, Joshua Tucker was under psychiatric care at Signature Health in Geauga County. (*Id.* at 46.)

Plaintiffs bring this action against three individuals associated with the state case: Judge Carolyn Paschke, prosecutor Nicholas Burling, and defense attorney Morgan Caruso. (Doc. 1.) Plaintiffs assert Defendants denied Joshua Tucker's Fourteenth Amendment right to due process, violated the Americans with Disabilities Act, and unlawfully interfered with his legal representation. (Doc. 5 at 46-51.) Plaintiffs also assert Joshua Tucker was forced to accept a guilty plea without fully understanding the legal consequences. (*Id.* at 46, 50.) They contend his appointed defense attorney, Morgan Caruso, coerced him into the plea agreement and refused to step down as counsel. (*Id.* at 47-50.) They also allege Judge Paschke refused to consider their request for a competency evaluation, has not appointed a new attorney, and has blocked Timothy Tucker from filing motions on Joshua's behalf. (*Id.*) Plaintiffs seek an order from this Court enjoining the state case from proceeding with sentencing, an order requiring a mental health evaluation and disability accommodations, an order disqualifying Caruso, and monetary damages. (*Id.* at 51.)

On July 9, 2025, Joshua Tucker's sentencing in the state case was rescheduled for August 27, 2025. 7/9/2025 Order, *State of Ohio v. Tucker*, No. 24C000091 (Geauga Cnty. Ct. C.P.).

On July 10, 2025, this Court denied the requests for emergency injunctive relief. (7/10/2025 Order.) The Court found the facts as pleaded did not establish a likelihood of success

on the merits or irreparable harm under Rule 65. (*Id.* (citing *Ohio v. Becerra*, 87 F.4th 759, 768 (6th Cir. 2023)).)

On August 26, 2025, Plaintiffs filed a Motion to Accept Removal Assume Jurisdiction (Doc. 6), an Emergency Motion to Stay State Court Proceedings (Doc. 7), and a Motion to Reconsider Denial of Emergency Relief (Doc. 8). They assert Defendants' actions in the state case violated Joshua Tucker's constitutional and statutory rights, and the state case proceedings present bad faith and extraordinary circumstances. (Doc. 7 at 56-57; Doc. 8 at 70-72.) Plaintiffs seek an immediate stay of the state case. (Doc. 6 at 53; Doc. 7 at 57; Doc. 8 at 72-73.) They also seek reconsideration of the Court's July 10, 2025 Order. (Doc. 8 at 72-73.) Plaintiffs further ask this Court to vacate the guilty plea in the state case and to strike various proceedings, order production of suppressed evidence, and declare Defendants' actions violated Joshua Tucker's rights. (*Id.*)

On August 27, 2025, Joshua Tucker's sentencing in the state case was continued because he required medical assistance. 8/27/2025 Order, *State of Ohio v. Tucker*, No. 24C000091 (Geauga Cnty. Ct. C.P.). The same day, Caruso filed a motion to withdraw as Joshua Tucker's defense counsel. Mot. to Withdraw as Def.'s Counsel of R., *State of Ohio v. Tucker*, No. 24C000091 (Geauga Cnty. Ct. C.P.). As grounds for withdrawal, Caruso stated significant and escalating interference from Timothy Tucker impeded Caruso from effectively representing Joshua Tucker. *Id.*

On September 15, 2025, Judge Paschke permitted Caruso to withdraw as defense counsel, appointed a public defender, and set the matter for sentencing on October 15, 2025. 9/15/2025 Order, *State of Ohio v. Tucker*, No. 24C000091 (Geauga Cnty. Ct. C.P.).

On October 15, 2025, Judge Paschke sentenced Joshua Tucker to a definite minimum prison term of four years and an indefinite maximum term of six years in a state penal institution. J. of Conviction, *State of Ohio v. Tucker*, No. 24C000091 (Geauga Cnty. Ct. C.P.). He was remanded to the custody of the Sheriff of Geauga County. *Id.* The docket lists the case status as "Closed." Docket, *State of Ohio v. Tucker*, No. 24C000091 (Geauga Cnty. Ct. C.P.). The disposition is listed as "Convicted" with a disposition date of October 16, 2025. *Id.*

## II.     LAW AND ANALYSIS

The Court is required to construe a *pro se* complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). Faced with such a pleading, the district court may dismiss a fee-paid complaint and "need not afford the plaintiff an opportunity to amend[.]" *Forbush v. Zaleski*, 20 F. App'x 481, 482 (6th Cir. 2001) (upholding *sua sponte* dismissal of complaint under *Apple v. Glenn* where defendant was entitled to absolute judicial immunity (citing *Hagans*, 415 U.S. at 536-37)).

As an initial matter, Timothy Tucker and Sherlyn Jacobs cannot file an action on behalf of Joshua Tucker. In general, a party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Neilson v. State of Mich.*, No. 98-1317, 181 F.3d 102 (Table), 1999 U.S. App. LEXIS 8698, 1999 WL 313854, at *1 (6th Cir. May 3, 1999) (citing *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). An adult litigant who

wishes to proceed *pro se* must personally sign the complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 848 F.3d 194 (Table), 1988 U.S. App. LEXIS 7161, 1988 WL 54071, at *1 (6th Cir. May 26, 1988). A plaintiff may not appear *pro se* where interests other than his own are at stake. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Therefore, a parent cannot bring claims *pro se* on behalf of a child. *Id.* Timothy Tucker indicates he is seeking guardianship of his son. (Doc. 5 at 47.) And Sherlyn Jacobs describes herself as Joshua Tucker's "Power of Attorney." (Doc. 8 at 74-75.) However, even as legal guardian or power of attorney, neither Timothy Tucker nor Sherlyn Jacobs can represent Joshua Tucker's interests as a *pro se* litigant. While Federal Rule of Civil Procedure 17(c) allows the guardian of an incompetent person to sue on the incompetent's behalf, the rule does not allow the guardian to appear *pro se*. A guardian must appear through counsel.

Furthermore, Timothy Tucker and Sherlyn Jacobs lack standing to file their own claims based on alleged violations of Joshua Tucker's rights. The doctrine of standing requires that a party may only assert claims based on a violation of his or her own legal rights and interests. *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975); *Allstate Ins. Co. v. Wayne Cnty.*, 760 F.2d 689, 693 (6th Cir. 1985). The claims cannot rest on the legal rights or interests of third parties. *Id.* Here, the complaint centers on alleged violations of Joshua Tucker's rights in the state case. (*See* Docs. 1, 5.) The fact that his father and aunt may be collaterally affected by the adjudication of his rights does not extend the Court's Article III powers to them. *Allstate Ins. Co.*, 760 F.2d at 692.

The Court also has some concern about the authenticity of the signatures purporting to be those of Joshua Tucker. (*See* Doc. 1 at 5; Doc. 3 at 43; Doc. 4 at 45; Doc. 5 at 51.) Assuming

the signature on the documents belongs to Joshua Tucker, this case still cannot proceed for several reasons.

Joshua Tucker seeks an order accepting jurisdiction over the state case, an order enjoining the state case from proceeding with sentencing, and an award of $75,000.00 in damages. (Doc. 5 at 51; Doc. 6 at 53; Doc. 7 at 57.) He also asks this Court to "[v]acate the coerced guilty pleas and any resulting judgments or sentences, . . . [o]rder immediate production of all suppressed evidence . . . ," and a declaration that Defendants' actions violate the Fourteenth Amendment, Sixth Amendment, ADA, and 42 U.S.C. § 1983. (Doc. 8 at 72-73.)

To the extent Joshua Tucker seeks an order enjoining further proceedings in the state case, such requests are DENIED as moot. (*See* Docs. 6, 7, 8.) On October 15, 2025, Joshua Tucker was sentenced and is in state custody. *See* J. of Conviction, *State of Ohio v. Tucker*, No. 24C000091 (Geauga Cnty. Ct. C.P.). That case is closed.[2] *Id.* The requests related to securing a new defense attorney in the state case are also DENIED as moot. (*See* Doc. 7 at 57; Doc. 8 at 73.) On September 15, 2025, Judge Paschke permitted Caruso to withdraw and appointed a public defender. 9/15/2025 Order, *State of Ohio v. Tucker*, No. 24C000091 (Geauga Cnty. Ct. C.P.)

To the extent Joshua Tucker asks this Court to vacate his conviction and sentence in the state case, he cannot obtain that relief in a civil rights action. Where a person in state custody challenges the validity of a criminal conviction or sentence, and the relief he seeks is his immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

---

[2] Even if Joshua Tucker's state case were still ongoing, this Court has limited authority to enjoin a pending state court criminal action under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *see also O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008).

And to the extent Joshua Tucker is seeking damages for an allegedly unconstitutional conviction or sentence, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under 42 U.S.C. § 1983, he must first show that the conviction or sentence at issue has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  In the absence of such a showing, any complaint for damages must be dismissed.  *See Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87).  Here, nothing in Plaintiffs' filings suggest Joshua Tucker's conviction or sentence has been called into question or invalidated in any of the ways articulated in *Heck*.  512 U.S. at 486.  Joshua Tucker therefore has no cognizable federal civil rights damages claims.  *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) ("Because [Plaintiff's] confinement has not been remedied by any of the procedures listed in *Heck*, the district court properly found that his claims are not cognizable under § 1983.").

Setting aside these deficiencies, Joshua Tucker' claims fail for additional reasons.  First, Joshua Tucker attempts to bring claims against three individual defendants under Title II of the ADA, 42 U.S.C. § 12132.  (Doc. 5 at 48; Doc. 8 at 72.)  But Title II does not provide a cause of action against individuals.  *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) ("We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (the ADA does not impose liability upon individuals).

Next, Judge Paschke and prosecutor Burling are immune from suit.  Judges are generally absolutely immune from civil suits for damages where the alleged violations relate to judicial

determinations in matters properly within the judge's jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam) ("a judge is not immune from liability for nonjudicial actions" or actions "taken in the complete absence of all jurisdiction"); *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997). All allegations against Judge Paschke relate entirely to her judicial determinations in Joshua Tucker's state case. *See Forbush*, 20 F. App'x at 482 (upholding dismissal where defendant, a state court judge, was entitled to absolute judicial immunity). Similarly, prosecutors are generally absolutely immune from damages for "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). All allegations against Burling relate to conduct undertaken in his prosecution of the state case.

Additionally, Joshua Tucker cannot maintain § 1983 claims against his former defense counsel Caruso. To establish a § 1983 claim, Joshua Tucker must assert a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Graham v. Nat'l Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986); *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995). Generally, a private person or entity is not acting "under color of state law." *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000); *Tahfs v. Proctor*, 316 F.3d 584, 590-91 (6th Cir. 2003). To show Caruso was acting under color of state law, Joshua Tucker must allege facts showing she was either (1) acting under the compulsion of the state; (2) engaged in an activity traditionally reserved to the state; or (3) her activities were sufficiently controlled by the state such that her actions could be attributed to the state. *See Chapman v. Higbee Co.*, 319 F.3d 825, 833-35 (6th Cir. 2003); *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Joshua Tucker does not sufficiently allege such facts.

Finally, the Motion to Reconsider Denial of Emergency Relief is DENIED.  (*See* Doc. 8.) "[C]ourts will find justification for reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018) (quotations and citations omitted).  For the reasons stated above, Joshua Tucker's claims for damages fail and his requests related to the state case are moot.  He cannot establish a likelihood of success on the merits or irreparable harm under Rule 65.  *See Ohio v. Becerra*, 87 F.4th 759, 768 (6th Cir. 2023).  He has not demonstrated an intervening change of controlling law, new evidence, or a need to correct a clear error or prevent manifest injustice.  *Luna*, 887 F.3d at 297.

### III. CONCLUSION

For the reasons stated herein, all motions filed by *pro se* Plaintiffs Joshua Tucker, Timothy Tucker, and Sherlyn Jacobs (Docs. 6, 7, 8) are DENIED.  This action is DISMISSED.  *Apple*, 183 F.3d at 479.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** October 30, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE